BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
JUSTIN A. CORNE, ESQ.
Nevada Bar No. 14504
CAITLIN J. LORELLI, ESQ.
Nevada Bar No. 14571
**BROCK K. OHLSON PLLC**
6060 Elton Avenue
Las Vegas, Nevada 89107
(702) 982-0055 Phone
(702) 982-0150 Fax
E-Mail: EFILE@INJURED.VEGAS
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KAY RODRIGUEZ, as assignee of rights of Juan Carlos Rodriguez-Torna;<br><br>Plaintiff,<br><br>vs.<br><br>KEY INSURANCE COMPANY, a foreign corporation; MED JAMES, INC., a foreign corporation, DOES 1-10 and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-00874-CDS-MDC<br><br><u>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**</u><br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(b), the parties submit their proposed Discovery Plan and Scheduling Order, Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

///

///

///

///

1. **Meeting:** Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on June 11, 2024, at 2:00 p.m. and was attended by Gregory M. Schulman, Esq., of the law firm THORNDAL ARMSTRONG, PC, for Defendants Key Insurance Company and Med James, Inc., and Justin A. Corne Esq. of BROCK K. OHLSON, PLLC for Plaintiff Kay Rodriguez.

2. **Pre-discovery Disclosures:** The parties shall make their pre-discovery disclosures by **June 25, 2024.**

3. **Areas of Discovery:** The parties agree that the areas of discovery should include, but not be limited to, all claims and defenses permissible under the Federal Rules of Civil Procedure.

4. **Discovery Plan:** The parties are requesting 12 months of discovery.

   a. **Plaintiff's statement regarding the need for additional time to conduct discovery pursuant to LR 26-1.** Plaintiff agrees that additional time for discovery is warranted because Plaintiff's counsel currently has multiple trials set to go forward in the summer of 2024. Currently, Plaintiff's counsel is scheduled for a 5 day trial set firm in the Eight Judicial District Court in the State of Nevada July 8, 2024 through July 12, 2024; a 10 day trial set firm in the Eighth Judicial District Court in the State of Nevada August 12, 2024 through August 22, 2024; and a 10 day trial set firm in the Eighth Judicial District Court in the State of Nevada October 30, 2024 through November 15, 2024.

   Additionally, Plaintiff's Counsel has two additional trials in the Eighth Judicial District Court in the State of Nevada scheduled for cases that are 3 years old, and that are scheduled on a 5-week trial stack beginning on September 3, 2024 through October 4, 2024. These cases are both set before the same District Court Judge and Plaintiff has been advised that only one would go forward on during this timeframe. Both trials are estimated to take 5-7 judicial days, which the District Court advised would be two full weeks. It is anticipated that one of these cases will go forward.

   Plaintiff's Counsel acknowledges that some of these cases may settle, however, given that there is at least one trial a month scheduled until the end of the year, Plaintiff

believe additional time will be necessary.

Furthermore, because this is an insurance bad faith case the parties anticipate that the discovery will consist of the disclosure of the entire claims file, potentially more than a thousand pages, and likely insurance company policies and procedures in response to written discovery. Plaintiff will be required to review these documents and determine which of Defendants' employees need to be deposed. Scheduling these depositions around trial dates requires additional time. We will also need to conduct the necessary discovery to provide expert witnesses.

      **b.    Defendants' statement regarding the need for additional time to conduct discovery pursuant to LR 26-1.** Defendants agree with Plaintiff as to the additional time needed for discovery as indicated in Plaintiff's Statement. In addition, defense counsel has two trials set in the Eighth Judicial District Court in the State of Nevada on five-week trial stacks, the first on a stack from October 7, 2024 through November 9, 2024 and the second on a stack from October 8, 2024 through November 11, 2024. Discovery is closed in both of these cases, are ready for trial, and attempts to date to resolve each has not been successful. Each trial is anticipated to last 7 to 10 days.

      Defense counsel understands the best impetus for a settlement is a trial date, and while there is always the possibility of both cases settling, based on defense counsel's experience and the past case posture of each, he anticipates at least one of these cases will be tried. Thus, this will compound difficulties in completing discovery in this matter.

      c.    The parties propose the following discovery plan:

| | | |
|---|---|---|
| 1. | **Discovery Cut-Off** | June 11, 2025 |
| 2. | **Filing motions to amend** | March 13, 2025 |
| 3. | **Initial expert disclosure** | April 11, 2025 |
| 4. | **Rebuttal expert disclosure** | May 12, 2025 |
| 5. | **Dispositive motions** | July 11, 2025 |

   d. **Discovery Cut-Off date:** Defendant first appeared in the case when the petition for removal was filed on May 19, 2024. The parties are requesting 12 months of discovery from the date the case conference was held, which provides a discovery close date of **June 11, 2025.**

   e. **Amending the Pleadings and Adding Parties:** The parties shall have until **March 13, 2025** to file any motions to amend the pleadings and add parties. This is 90 days before the discovery cut-off date.

   f. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:** Disclosure of experts shall proceed according to Rule 26(a)(2) and LR 26-1(e)(3) as follows: The disclosure of experts and their initial reports shall occur on or before **April 11, 2025 (as April 12, 2025 is a Saturday).** The disclosure of rebuttal experts and their initial reports shall occur on or before **May 12, 2025.** These deadlines are 60 and 30 days before the discovery cut-off date, respectively.

   g. ~~Interim Status Report: The parties shall file an interim status report by April 11, 2025, which is 60 days before the discovery cut-off date, as required by LR 26-3.~~

   h. **Dispositive motions:** The parties shall have until **July 11, 2025** to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(b)(4).

   i. **Pre-Trial Order:** The parties will prepare a Consolidated Pre-Trial Order on or before **August 11, 2025 (as August 10, 2025 is a Sunday),** which is not more than 30 days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(4). If dispositive motions are timely filed, this deadline will be suspended until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3), and objections thereto, shall be made in the pre-trial order.

   j. If this Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If this Court does not have questions, the parties do not request a conference with the Court.

   k. **Extensions or Modifications** of the Discovery Plan and Scheduling Order: LR 26-4 governs modifications or extensions of this Discovery Plain and Scheduling

Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made no later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than **May 21, 2025**, 21 days before the discovery cut-off date.

        l.    **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2015 the parties addressed the e-discovery issues pertaining to the format of discovery. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. The parties certify that they may present evidence in electronic format to jurors for the purposes of jury deliberation in compliance with the Court's electronic jury evidence display system.

        5.    **Alternative Forms of Case Disposition:** Counsel for the parties certify that at the Fed. R. Civ. P. 26(f) telephonic conference, they considered consent to trial by a magistrate judge under 28 U.S.C. § 636 (c) and to Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and have DECLINED this option.

///
///
///
///
///
///
///

a. **Alternative Dispute Resolution**: As required by LR 26-1(b)(7), the parties discussed possible mediation after some discovery is completed and agree to revisit an alternative dispute resolution in the upcoming months.

Dated: 06/14/2024

By: /s/
BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
JUSTIN A. CORNE, ESQ.
Nevada Bar No. 14504
CAITLIN J. LORELLI, ESQ.
Nevada Bar No. 14571
**BROCK K. OHLSON PLLC**
6060 Elton Avenue
Las Vegas, Nevada 89107
(702) 982-0055 Phone
(702) 982-0150 Fax
E-Mail: EFILE@INJURED.VEGAS
*Attorneys for Plaintiff*

Dated: 06/13/24

By: /s/
GREGORY M. SCHULMAN, ESQ.
NV Bar No. 5766
**THORNDAL ARMSTRONG, PC**
600 S. Las Vegas Boulevard, Suite 400
Las Vegas, NV 89101
Ph: (702) 366-0622
Fax: (702) 316-4114
E-Mail: gms@thorndal.com
*Attorneys for Defendant, Key Insurance Company & Med James, Inc.*

IT IS SO ORDERED.

**1) The Parties are cautioned that, given the length of discovery requested is 1 year, future extensions may not be granted absent showing of good cause and that considerable discovery, including dePositions, has been comPleted.**
**2) The interim status rePort at Page 4, is no longer required.**
**3) Per LR 10-1(b), future documents must be filed in searchable PDF format.**

UNITED STATES MAGISTRATE JUDGE
DATED: 06-18-24